Sue Anne Melnick (SBN: 235362)
Consumer Legal Services America
7015 Santa Fe Canyon Place
San Diego, CA  92129
Tel: 858-603 7638
Fax: 435-603-7633
attorney.clsa@gmail.com
Attorneys for Plaintiff,
SARI BRANCO

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SARI BRANCO, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | **(Unlawful Debt Collection Practices)** |
| GLOBAL CREDIT AND COLLECTION CORPORATION, | |
| Defendant. | |

**VERIFIED COMPLAINT**

SARI BRANCO (Plaintiff), through her attorneys, CONSUMER LEGAL SERVICES AMERICA., alleges the following against GLOBAL CREDIT AND COLLECTION CORPORATION (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

2. Count II of the Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.
5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.
6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Volcano, Amador County, California.
8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.
9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.
10. Defendant is a national company with an office in Williamsville, Erie County, New York.
11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff does not owe a debt to Defendant.
13. On or about early January 2010, Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt. (See transcribed voicemail messages attached group Exhibit A).
14. Defendant called from 866-350-4275 and 877-234-1838.
15. Defendant called Plaintiff at 209-296-4089, Plaintiff's home number.

16. Defendant left voicemail messages on Plaintiff's answering machine.  (See Exhibit A).

17. Defendant did not state in subsequent communications that the call was from a debt collector.

18. Defendant did not send Plaintiff a debt validation letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:
    a. Defendant violated *§1682b(3)* of the FDCPA by calling and communicating with Plaintiff more when Plaintiff did not request Defendant to do so.
    b. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.
    c. Defendant violated *§1692(e)* of the FDCPA because Defendant made a false, deceptive or misleading statement in connection with the collection of a debt when it made a false representation of the character, amount, or legal status of the debt in attempting to collect a debt that Plaintiff does not owe.
    d. Defendant violated *§1692e(2)(A)* of the FDCPA by falsely representing the character, amount, and legal status of Plaintiff's debt because Plaintiff does not owe the money Defendant is attempting to collect.
    e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt because Plaintiff does not owe the money Defendant is attempting to collect.
    f. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.
    g. Defendant violated *§1692f* of the FDCPA because Defendant used unfair and

unconscionable means to collect the alleged debt when it continued to attempt to collect on the alleged debt that Plaintiff does not owe the debt.

h. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount that is not authorized by the agreement or permitted by law because Plaintiff does not owe the money Defendant is attempting to collect.

i. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff, SARI BRANCO, each respectfully requests judgment be entered against Defendant, GLOBAL CREDIT AND COLLECTION CORPORATION, for the following:

20. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

21. Statutory damages for plaintiff individually pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

22. Actual damages,

23. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

24. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

26. Defendant violated the RFDCPA based on the following:

   j. Defendant violated *§1788.11(d)* of the RFDCPA when Defendant placed collection calls to Plaintiff repeatedly and continuously so as to annoy Plaintiff.

   k. Defendant violated *§1788.11(e)* of the RFDCPA when Defendant placed collection calls to Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances.

   l. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

WHEREFORE, Plaintiff, SARI BRANCO, each respectfully request judgment be entered against Defendant, GLOBAL CREDIT AND COLLECTION CORPORATION, for the following:

27. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

28. Statutory damages for Plaintiff pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

29. Actual damages,

30. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and

31. Any other relief that this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SARI BRANCO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED

DATED: December 24, 2010     CONSUMER LEGAL SERVICES AMERICA

By: _____
Sue Anne Melnick
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, SARI BRANCO, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SARI BRANCO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_/s/ Sari Branco_
SARI BRANCO

DATE  12-31-10

PLAINTIFF'S VERIFIED COMPLAINT                                    7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## GROUP EXHIBIT A

**Voicemail message 1:**

This is Washington Loyola. Operations manager this matter still (inaudible) remains unresolved. It has been brought to my attention if you elect to (unintelligible) this matter, we will be forced to escalate this. Contact my office 1-866-350-4275. That's 866-350-4275. My extension is 8651. Now I have prepared documentation (unintelligible) under your name. Before I file these documents I would like to speak with you to give you the opportunity to resolve this matter on a voluntary basis. Again contact my office 866-350-4275 and my extension is 8651.

**Voicemail message 2:**

This call is from the finalization department here at Global CC. A very critical decision (unintelligible) will be made on your behalf, due to your lack of cooperation. I would like to insure you with other options that are available at this point that may be able to assist you before this does further escalate. With tax season just around the corner as well there are some very lucrative offers that we are in the position to provide you. If your intention is to cooperate establish communication with our office today to discuss these options. In doing so, please return the call 877-234-1838. Again this call is from the office of Global CC. If you are not aware this is not a sales call and does require your immediate attention. Again, a very critical decision will be made with or without your cooperation I would hope that you do establish communication with our office. Thank you.

**Voicemail message 3:**

This call is from the finalization department here at Global CC. A very critical decision (unintelligible) will be made on your behalf, due to your lack of cooperation. I would like to insure you with other options that are available at this point that may be able to assist you before this does further escalate. With tax season just around the corner as well there are some very lucrative offers that we are in the position to provide you. If your intention is to cooperate

1  establish communication with our office today to discuss these options.  In doing so, please
2  return the call 877-234-1838.  Again this call is from the office of Global CC.  If you are not
3  aware this is not a sales call and does require your immediate attention.  Again, a very critical
4  decision will be made with or without your cooperation I would hope that you do establish
5  communication with our office. Thank you.